UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN S BARTH,<br><br>        Plaintiff,<br>v.<br><br>MABRY CARLTON RANCH, INC, et al.,<br><br>        Defendants. | Case No. 5:20-cv-09288-NC   (EJD)<br><br>**ORDER DENYING MOTION TO SEAL; DISMISSING ACTION FOR IMPROPER VENUE**<br><br>Re: Dkt. No. 3 |

Pro se Plaintiff has submitted a request to file under seal (1) a 68-page complaint asserting claims for racketeering against numerous defendants, including public officials; and (2) 56 pages of exhibits. Dkt. No. 3. Plaintiff asserts that sealing is required by the FBI and IRS and to prevent Defendants from destroying evidence or moving assets out of the country. Plaintiff also asserts that sealing is appropriate because some of his claims involve violations of the False Claims Act. If the motion to seal is not granted, Plaintiff requests a refund of his filing fee and return of his documents.

Having reviewed Plaintiff's submissions, the Court finds that Plaintiff has not established that the materials are sealable under the Local Rules or the False Claims Act. Moreover, the Court finds that venue is improper in this district. Plaintiff's claims relate to property in Florida and conduct that took place in Florida, and therefore venue is improper under 28 U.S.C. § 1391(b). Plaintiff's suit should have been brought in the Middle District of Florida, notwithstanding Plaintiff's assertion that the courts are corrupt. *See Barth v. Mabry Carlton Ranch Inc.*, 2020 WL 5989206 (D. Or. Oct. 8, 2020); *Barth v. Mabry Carlton Ranch, Inc.*, 2020 WL 2840238 (D. Hawai'i June 1, 2020).

Case No.: 5:20-cv-09288-NC
ORDER DENYING MOTION TO SEAL; DISMISSING ACTION FOR IMPROPER VENUE

1

Plaintiff asserts that venue is proper "under 18 USC section 1965(a) in any district which a defendant 'resides, is found, has an agent, or transacts his affairs' or under local rules, where acts have had 'significant effects in California." Compl. at iii.  Plaintiff, however, has not shown that Defendants reside, are found in, have agents, or transact affairs in California.  Nor has Plaintiff cited to a Local Rule that would allow for venue in California.  Instead, Plaintiff asserts that California residents have or will pay an estimated $3,502,800 to Defendants as a result of the alleged crimes.  Plaintiff's theory is that Defendants' theft of $120 million resulted in bond interest paid by taxes on property, including that of non-residents from whom $25.2 million was taken.  Because Californians are 13.9% of the U.S. population, Plaintiff estimates that Californians will pay 13.9% of the $25.2 million.  These allegations, however, lack a sufficient factual basis and are too speculative.

Plaintiff's motion to seal is DENIED.  The case is ordered dismissed for improper venue pursuant to 28 U.S.C. § 1406(a) rather than transferred because Plaintiff does not wish to pursue his claims in the Middle District of Florida.  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  December 23, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-09288-NC
ORDER DENYING MOTION TO SEAL; DISMISSING ACTION FOR IMPROPER VENUE
2